NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BYRON T. HURST,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3044

---

Petition for review of the Merit Systems Protection Board in CH3443090469-I-1.

---

Decided: June 11, 2010

---

BYRON T. HURST, of Dayton, Ohio, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, GAJARSA, and PROST, *Circuit Judges.*

PER CURIAM.

## DECISION

Byron T. Hurst petitions for review of the final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. We affirm.

## BACKGROUND

Mr. Hurst was employed as a Civil Engineering Technician with the Department of Veterans Affairs ("DVA") pursuant to a series of temporary appointments that ended on September 26, 2008. None of the appointments was for more than a year. Mr. Hurst applied for and was interviewed for a permanent position in 2008, but he was not selected for the appointment. Shortly thereafter, when Mr. Hurst's temporary appointment was not renewed, his employment was terminated.

On March 6, 2009, Mr. Hurst filed an appeal with the Merit Systems Protection Board, claiming that the DVA had "failed to follow or apply the required procedures in the area of consideration to fill announcement 08-117." The administrative judge issued an acknowledgment order on April 1, 2009, informing Mr. Hurst that his appeal had been received, and further advising him that the Board may not have jurisdiction over his appeal. After receiving no response from Mr. Hurst, the administrative judge issued an initial decision dismissing for lack of jurisdiction on the ground that Mr. Hurst had served under a series of temporary appointments each limited to one year or less, and that such individuals have no right of appeal to the Board.

On June 30, 2009, Mr. Hurst filed a petition for review with the Board, alleging that the DVA had "violated the Veteran Rights and benefits under Law, Regulation, Polic[i]es, and Procedures"; that the agency had "violated the Veteran Preference Rig[ht]s"; and that the agency had violated 5 C.F.R. § 316.401(b), which provides that the supervisor of each temporary appointment position must certify that the employment need is truly temporary. Mr. Hurst also indicated that he served under a temporary appointment for a period of 1 year, 3 months, and 27 days. The Board denied the petition for review on September 25, 2009.

### DISCUSSION

On appeal, Mr. Hurst alleges that the Board misapplied 5 U.S.C. § 7511(a)(1)(A)(ii), and that there was no documentation to back the Board's decisions.

Section 7511(a)(1)(A)(ii) defines "employee" to include any individual in the competitive service "who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." That definition specifically excludes individuals, such as Mr. Hurst, who have served only in temporary appointments having terms of 1 year or less. The fact that Mr. Hurst served for a cumulative period of 1 year, 3 months, and 27 days, through a series of renewed appointments, does not help Mr. Hurst, because each renewal of his appointment was for a term of less than 1 year. *See Vaught v. Dep't of the Air Force*, 56 M.S.P.R. 554, 557 (1993) (appellant whose appointments were all limited to one year or less is not an "employee" whose appeal falls within the Board's jurisdiction, even when the "appellant's combined service under a series of temporary appointments is greater than a year in duration").

Moreover, it is clear that the administrative judge reviewed appropriate employment forms in reaching her initial decision. The administrative judge noted that Mr. Hurst "served under a series of temporary appointments beginning on May 29, 2007, and extended four times, to terminate on September 30, 2008." That statement is consistent with the employment forms included in the record on appeal to this court.

Mr. Hurst also requests relief on the grounds originally stated in his complaint before the Board, alleging that the Board failed to consider his case folder. The reason the Board did not review the merits of Mr. Hurst's claims was because it found that it lacked jurisdiction to hear his appeal. The Board was correct in declining to decide the merits of a case outside its jurisdiction. This court similarly lacks jurisdiction to consider those claims. For the reasons given by the Board and reiterated above, we uphold the Board's order dismissing Mr. Hurst's appeal.

**AFFIRMED**